CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 29 2011
JULIA C. DUDLEY, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL NORBERT HALTER,<br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:11-cv-00452 |
| v. | ) <br> ) <br> ) | **MEMORANDUM OPINION** |
| SGT. WALKER,<br> Defendant. | ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Daniel Norbert Halter, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Sgt. Walker of the Northwestern Regional Adult Detention Center ("Jail") as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his verified complaint. In April 2011, Sgt. Walker "violated [his] Eighth Amendment right by denying [him] access to medical staff." Plaintiff experienced a seizure and told Sgt. Walker about it. Plaintiff did not receive medical attention for four hours, despite screaming "for help" after he experienced a seizure. Plaintiff requests a trial, a lawyer, $750,000, and his charges to be dismissed.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which

clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to allege facts describing the defendants' actions or omissions that constitute a violation of plaintiff's federal rights. Plaintiff's reliance of labels and conclusions is not sufficient to create a cause of action because he fails to establish defendant's deliberate indifference to a serious medical need. See Farmer v. Brennan, 511 U.S. 825, 847(1994). Plaintiff fails to allege any injury from the delay in treatment or how he had a serious medical need immediately after an alleged seizure. Plaintiff acknowledges he received medical attention but not at the schedule he prefers. See Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977) ("The right to treatment is, of course, limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable."). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 29th day of September, 2011.

Senior United States District Judge

3